1  Micheline N. Fairbank, Bar No. 226038
   **FENNEMORE CRAIG P.C.**
2  7800 Rancharrah Parkway
   Reno, NV 89704
3  Tel: (775) 788-2200
   Email: mfairbank@fennemorelaw.com
4
   Daniel Rapaport, Bar No. 67217
5  Mark Bostick, Bar No. 111241
   Kurt Franklin, Bar No. 172715
6  Thiele R. Dunaway, Bar No. 130953
   **FENNEMORE WENDEL**
7  1111 Broadway, 24th Floor
   Oakland, CA 94607
8  Tel: (510) 834-6600 / Fax: (510) 834-1928
   Email: drapaport@fennemorelaw.com
9          mostick@fennemorelaw.com
           kfranklin@fennemorelaw.com
10         rdunaway@fennemorelaw.com

11 James Hill, Bar No. 90478
   Chris V. Hawkins, Bar No. 222961
12 **FENNEMORE LLP**
13 600 B. Street, 17th Floor
   San Diego, CA 92101
14 Tel: (619) 233-4100 / Fax: (619) 231-4372
   Email: jhill@fennemorelaw.com
15         chawkins@fennemorelaw.com

16 Attorneys for KENNETH W. MATTSON

17

18

19              UNITED STATES BANKRUPTCY COURT

20              NORTHERN DISTRICT OF CALIFORNIA

21                   SANTA ROSA DIVISION

22 In Re:                          | Case No. 24-10714-CN

23 KENNETH W. MATTSON             | Chapter 11

24         Respondent Debtor.      | **KENNETH W. MATTSON'S ANSWER
                                    | TO INVOLUNTARY PETITION**
25

26

27

28

FENNEMORE WENDEL
ATTORNEYS AT LAW
OAKLAND

Respondent Debtor Kenneth W. Mattson ("Mattson"), by and through its attorneys of record, answers the Involuntary Petition Against a Non-Individual ("Petition") filed by Petitioner Creditor LeFever Mattson, a California Corporation ("LeFever Mattson" or "Petitioner")on November 22, 2024, and prays that an order for relief be entered against Mattson under Chapter 11 of title 11, United States Code, and controverting the same:

1) Admits the allegations contained in paragraphs 2, 4-5, 7-10 of the Petition.

2) Denies each and every allegation contained in paragraphs 11 and 13 of the Petition.

3) Has insufficient information to admit or deny the allegations contained in paragraphs 1, 3, 6, and 12 of the Petition.

4) With respect to Attachment A to the Petition, Admits the allegations contained in the first paragraph, denies the allegations contained in the second, third, fourth, and fifth paragraphs in Attachment A.

## **AFFIRMATIVE DEFENSES**

### **FIRST AFFIRMATIVE DEFENSE**
**(Failure to State a Claim)**

1. As a separate and first affirmative defense to the Petition, and to the relief requested, Mattson asserts that the Petitioners have maliciously brought this Petition.

2. LeFever Mattson knew has actual knowledge of the dispute regarding the enforceability of the Indemnity Agreement.

3. The propriety and enforceability of the Indemnity Agreement is the subject of pending civil litigation in two separate pending proceedings.

4. The first civil proceeding pending before the Sacramento County Superior Court of California, *Mattson v. LeFever Mattson, et al.*, Case No. 24CV011305, was initiated on June 6, 2004, and specifically includes allegations relating to the enforceability of the Indemnity Agreement.

5. The second proceeding, *LeFever Mattson, et al. v. Mattson, et al.*, pending before the Sonoma County Superior Court of California, Case No. 24CV03485, was filed on June 6, 2024,

FENNEMORE WENDEL
ATTORNEYS AT LAW
OAKLAND

and specifically includes allegations under the Indemnity Agreement.

6. Accordingly, LeFever Mattson has improperly and wrongfully pursued this involuntary bankruptcy proceeding, in bad faith and without just cause.

7. Mattson is entitled to seek recovery of all fees and costs incurred in defending against this improper Petition.

**SECOND AFFIRMATIVE DEFENSE**
**(Accord and Satisfaction)**

8. As a separate and second affirmative defense to the Petition, and to the relief requested, obligations of Mattson has been met through the uncontested payments of monies to Petitioner.

9. LeFever Mattson received consideration to support an accord and satisfaction through the then uncontested partial payment in full satisfaction of a disputed claim. LeFever Mattson accepted the partial payment with the knowledge that the debtor offered it upon the condition that the acceptance of the payment was in full satisfaction of the disputed claim or not at all.

10. Mattson is entitled to seek recovery of all fees and costs incurred in defending against this improper Petition.

**THIRD AFFIRMATIVE DEFENSE**
**(Anticipatory Breach)**

11. As a separate and third affirmative defense to the Petition, and to the relief requested, Mattson anticipated the breach of the obligations held by LeFever Mattson, and therefore Mattson is not obligated to LeFever Mattson under the terms of the Indemnity Agreement.

12. Here, LeFever Mattson expressly repudiated its obligation to perform.

13. LeFever Mattson therefore failed to fulfill the terms of its de minimus obligations under the terms of the Indemnity Agreement.

14. Mattson is entitled to seek recovery of all fees and costs incurred in defending against this improper Petition.

- 2 -

## FOURTH AFFIRMATIVE DEFENSE
### (Assumption of Risk)

15. As a separate and fourth affirmative defense to the Petition, and to the relief requested, Mattson asserts Petitioner has assumed the risks of the claims in which it seeks relief.

16. LeFever Mattson had knowledge of the risk involved in both enforcement of the Indemnity Agreement.

17. Mattson owed no duty to protect Petitioner from any alleged injury resulting from the risk incurred in its agreements and actions.

18. Mattson is entitled to seek recovery of all fees and costs incurred in defending against this improper Petition.

## FIFTH AFFIRMATIVE DEFENSE
### (Breach of Implied Covenant of Good Faith and Fair Dealing)

19. As a separate and fifth affirmative defense to the Petition, and to the relief requested, Mattson asserts Petitioner has breached the implied covenants of good faith and fair dealing.

20. In every contract is the implied covenant of good faith and fair dealing, which includes that a party will exercise that right in good faith and in accordance with fair dealing and not act in a manner that destroys or otherwise injures the right of another to receive the benefits of the contract.

21. LeFever Mattson has breached the implied covenant of good faith and fair dealing by acting in a manner that would destroy any benefit Mattson might have received under the Indemnity Agreement and acting in a manner to intentionally maximize any potential liability Mattson may have under the Indemnity Agreement, by, among other things, publicly making false accusations that LeFever Mattson knew would cause litigation.

22. Mattson is entitled to seek recovery of all fees and costs incurred in defending against this improper Petition.

/ / /

/ / /

FENNEMORE WENDEL
ATTORNEYS AT LAW
OAKLAND

Case: 24-10714    Doc# 51    Filed: 03/21/25    Entered: 03/21/25 12:42:47    Page 4 of 22

## SIXTH AFFIRMATIVE DEFENSE
### (Prior Material Breach of Contract)

23. As a separate and sixth affirmative defense to the Petition, and to the relief requested, Mattson asserts LeFever Mattson has breached the Indemnity Agreement.

24. LeFever Mattson's conduct by failing to timely respond to the demand that it comply with its obligation to cooperate with demands for records constitutes a material failure to perform its obligations.

25. LeFever Mattson's actions have resulted in significant injury to Mattson as the denial of timely and reasonable access to records of LeFever Mattson have prolonged Mattson's inability to investigate and respond to allegations of wrongdoing, among numerous other injuries.

26. Mattson is entitled to seek recovery of all fees and costs incurred in defending against this improper Petition.

## SEVENTH AFFIRMATIVE DEFENSE
### (Conflict of Interest)

27. As a separate and seventh affirmative defense to the Petition, and to the relief requested, Mattson asserts that the drafting, presentation and execution of the Indemnity Agreement, was done under an impermissible conflict of interest.

28. LeFever Mattson was represented by the law firm Hanson Bridgett, and its attorneys, including Scott Smith, all of whom provided legal services to LeFever Mattson.

29. Mattson was represented by the law firm Hanson Bridgett, including its attorney Scott Smith, all of whom provided legal services to Mattson during the period of time relevant to the subjects of the Indemnity Agreement.

30. LeFever Mattson, through Tim LeFever, directed Scott Smith, then employed by Hanson Bridgett, to draft the terms of the Indemnity Agreement.

31. Scott Smith, while employed by Hanson Bridgett, drafted the Indemnity Agreement, transmitted the Indemnity Agreement to Mr. Mattson, and falsely represented to Mr. Mattson that the nature and extent of the Indemnity Agreement was based on prior and specific communications

- 4 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

between Mr. Mattson and LeFever Mattson, and was based upon the understanding and belief that Mr. Smith was acting as counsel for LeFever Mattson and Mattson .

32. No disclosure or waiver of any conflict of interest was properly disclosed or obtained from Mr. Mattson or Mattson by LeFever Mattson, Hanson Bridgett, or Scott Smith.

33. The Indemnity Agreement, which includes personal protections for Scott Smith and Hanson Bridget, is improper as it is premised on failures of adequate disclosure and conflicts of interest which render the entire agreement unenforceable.

34. Mattson is entitled to seek recovery of all fees and costs incurred in defending against this improper Petition.

**EIGHTH AFFIRMATIVE DEFENSE**
**(Constructive Fraud)**

35. As a separate and eighth affirmative defense to the Petition, and to the relief requested, the claims asserted by Petitioners breached their obligations in a manner that results in constructive fraud.

36. LeFever Mattson had duties of good faith and fair dealing and fiduciary duties to Mattson under the terms of the Indemnity Agreement.

37. LeFever Mattson acted with fraudulent intent to give itself, Tim LeFever, Scott Smith, and Hanson Bridget improper advantages, which were obtained through misleading and prejudicial actions and to the disadvantage of Mattson .

38. Such actions have resulted in injury to Mattson .

39. Mattson is entitled to seek recovery of all fees and costs incurred in defending against this improper Petition.

**NINTH AFFIRMATIVE DEFENSE**
**(Contrary to Public Policy, Cal. Civ. Code § 1668)**

40. As a separate and ninth affirmative defense to the Petition, and to the relief requested, Mattson asserts the Indemnity Agreement is unenforceable.

41. The Indemnity Agreement is facially and substantively contrary to public policy

- 5 -

pursuant to Cal. Civ. Code § 1668.

42. Under California law, any contract that seeks to directly or indirectly exempt one from conduct arising from their own fraud or willful injury to a person, is a violation of law and is against public policy and unenforceable.

43. The Indemnity Agreement, which directly exempts LeFever Mattson, Tim LeFever, Scott Smith and indirectly exempts Hanson Bridgett and other third parties from liability arising from their own willful conduct which has caused injury and harm to third persons is unenforceable.

44. Therefore, the Petition by LeFever Mattson seeking to enforce the unlawful terms of the Indemnity Agreement is improper and invalid.

45. Mattson is entitled to seek recovery of all fees and costs incurred in defending against this improper Petition.

## TENTH AFFIRMATIVE DEFENSE
### (Deceit)

46. As a separate and tenth affirmative defense to the Petition, and to the relief requested, Mattson asserts Petitioner claims are founded in deceit.

47. LeFever Mattson has a duty to disclose all known facts and exercise reasonable care in disclosing such facts.

48. LeFever Mattson failed to disclose all known facts and such has resulted in misrepresentation and bad faith conduct in bringing this Petition.

49. Mattson is entitled to seek recovery of all fees and costs incurred in defending against this improper Petition.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Duress)

50. As a separate and eleventh affirmative defense to the Petition, and to the relief requested, the Indemnity Agreement that is the basis for the Petition, was the product of duress.

51. Here, the execution of the Indemnity Agreement was the product of duress, which included undue influence and precluded the true voluntary consent to the terms of the Indemnity

- 6 -

FENNEMORE WENDEL
ATTORNEYS AT LAW
OAKLAND

Agreement.

52. Due to the wrongful demands, pressure and force placed by LeFever Mattson, the Indemnity Agreement, drafted by counsel for LeFever Mattson and Mattson, and understood by Tim LeFever a licensed California Attorney, was executed without independent advice.

53. Therefore, the Indemnity Agreement is unenforceable and the Petition improperly brought by LeFever Mattson.

54. Mattson is entitled to seek recovery of all fees and costs incurred in defending against this improper Petition.

### TWELFTH AFFIRMATIVE DEFENSE
**(Equitable Estoppel)**

55. As a separate and twelfth affirmative defense to the Petition, and to the relief requested, Petitioner's claims is barred by estoppel.

56. LeFever Mattson is aware of its wrongful conduct in the execution of the Indemnity Agreement.

57. LeFever Mattson is aware of the fact that its then general counsel, Scott Smith and Hanson Bridgett, was engaged in not only representing LeFever Mattson but Mattson at all times relevant and had a conflict of interest in the drafting, execution and benefits secured through the Indemnity Agreement.

58. LeFever Mattson is aware of the inadequate consideration made in exchange for the Indemnity Agreement.

59. Therefore, LeFever Mattson is estoped from seeking to enforce the terms of the Indemnity Agreement.

60. Mattson is entitled to seek recovery of all fees and costs incurred in defending against this improper Petition.

### THIRTEENTH AFFIRMATIVE DEFENSE
**(Failure of Consideration)**

61. As a separate and thirteenth affirmative defense to the Petition, and to the relief

- 7 -

FENNEMORE WENDEL
ATTORNEYS AT LAW
OAKLAND

1    requested, LeFever Mattson's claim is barred for failure of consideration.

2         62. LeFever Mattson is not entitled to recover any sums from Mattson, because there

3    has been a failure of consideration on the part of Petitioners, and each of them.

4         63. LeFever Mattson failed to perform under the illusory consideration purported to

5    support the Indemnity Agreement.

6         64. Any such consideration to support the Indemnity Agreement was without value and

7    fails to support a basis of consideration.

8         65. Mattson is entitled to seek recovery of all fees and costs incurred in defending

9    against this improper Petition.

10                          **FOURTEENTH AFFIRMATIVE DEFENSE**
                                  **(False Statements)**
11

12        66. As a separate and fourteenth affirmative defense to the Petition, and to the relief

13   requested, as to the false statements asserted by Petitioner.

14        67. LeFever Mattson has made, delivered, and published statements that must

15   necessarily be matters of opinion only and which are false and deceitful regarding the claims in

16   which Petitioners seek relief by means of the Petition.

17        68. LeFever Mattson knows that its statements published regarding the terms and

18   conditions and acts of Mattson in relation to the Indemnity Agreement are without merit and false

19   and continue to pursue such statements and relief under the terms of the Indemnity Agreement.

20        69. Windtree, through LeFever Mattson, falsely claims a basis in which it seeks to

21   recover rents. These claims are known to be without merit and have been known to be false and

22   without merit since before the initiation of the Petition.

23        70. Mattson is entitled to seek recovery of all fees and costs incurred in defending

24   against this improper Petition.

25                          **FIFTEENTH AFFIRMATIVE DEFENSE**
                             **(Failure to Mitigate Damages)**
26

27        71. As a separate and fifteenth affirmative defense to the Petition, and to the relief

28

- 8 -

requested, Mattson asserts Petitioner has failed to mitigate its damages.

72. LeFever Mattson could have avoided any claims and alleged damages by undertaking reasonable efforts to investigate the nature and basis for their asserted claims set forth in the Petition and by taking reasonable steps to avoid harm, including refraining from taking actions which unreasonably and unnecessarily incited hysteria and alarm among investors and creditors of LeFever Mattson and of Mattson and each of them, and further in their pursuing bankruptcy relief for entities which were neither insolvent nor were there reasonable disputes as to the propriety of investor interests.

73. LeFever Mattson has failed to take such steps to mitigate and have consequently failed to mitigate their damages.

74. Mattson is not liable to Petitioners for any damages concerning which Petitioners failed to mitigate..

75. Mattson is entitled to seek recovery of all fees and costs incurred in defending against this improper Petition.

### SIXTEENTH AFFIRMATIVE DEFENSE
**(False Pretenses)**

76. As a separate and sixteenth affirmative defense to the Petition, and to the relief requested, Petitioner's claim pursuant to the Indemnity Agreement is based upon false pretenses.

77. To the extent LeFever Mattson asserts that the consideration given in exchange for the execution of the Indemnity Agreement was for the purpose of essentially forestalling embarrassing and damaging litigation, such was not the intent or motivation of LeFever Mattson as demonstrated by their subsequent actions.

78. Based upon such purported incentives to induce the execution of the Indemnity Agreement, those inducements were clearly under false pretenses, as just weeks later LeFever Mattson published hyperbolic inflammatory and untruthful statements about Mattson and KS Mattson Partners, LP for the purpose of inciting costly, embarrassing and damaging litigation.

79. Further, LeFever Mattson, through its representatives and agents, knowingly

FENNEMORE WENDEL
ATTORNEYS AT LAW
OAKLAND

deceived Mattson through these false pretenses into executing the Indemnity Agreement by intentionally misrepresenting material facts relating to the scope and purpose of the Indemnity Agreement.

80. Because any execution of the Indemnity Agreement was under false pretenses, it is voidable, and Mattson accordingly have declared the Indemnity Agreement to be void.

81. Mattson is entitled to seek recovery of all fees and costs incurred in defending against this improper Petition.

### SEVENTEENTH AFFIRMATIVE DEFENSE
**(Fault of Others)**

82. As a separate and seventeenth affirmative defense to the Petition, and to the relief requested, Petitioner alleged damages are the fault of others.

83. Any damages allegedly sustained by LeFever Mattson was fully or in part the fault of Petitioner, or others, whether that fault be the proximate result of breach of contract, negligence, fraud or any other type of fault caused by persons, firms, corporations or entities other than Mattson.

84. Mattson is entitled to seek recovery of all fees and costs incurred in defending against this improper Petition.

### EIGHTEENTH AFFIRMATIVE DEFENSE
**(Fraud)**

85. As a separate and eighteenth affirmative defense to the Petition, and to the relief requested, Petitioner has committed fraudulent acts against Mattson .

86. LeFever Mattson through false representations of material facts made through Scott Smith and Tim LeFever, which were known to be made with the intent to deceive and for the purpose of inducing reliance by Mattson obtained the execution of the Indemnity Agreement.

87. The representations made by Scott Smith, on behalf of LeFever Mattson, regarding the scope and extent of the indemnity agreement were knowingly false and made for the specific purpose of obtaining Mattson's execution of the agreement. As a result of the fraudulent actions of LeFever Mattson, Mattson has been harmed in having to defend this Petition and defend against

- 10 -

the Indemnity Agreement.

88. Mattson is entitled to seek recovery of all fees and costs incurred in defending against this improper Petition.

## NINETEENTH AFFIRMATIVE DEFENSE
### (Frustration of Purpose)

89. As a separate and nineteenth affirmative defense to the Petition, and to the relief requested, LeFever Mattson cannot seek to enforce the Indemnity Agreement as performance is excused by the unforeseeable failure of consideration.

90. LeFever Mattson has frustrated the purpose of the Indemnity Agreement through its improper actions, which were not foreseeable to Mattson.

91. Any consideration has been destroyed by LeFever Mattson's actions, which were unforeseeable at the time of the execution of the Indemnity Agreement, which excuses any performance by Mattson.

92. Mattson is entitled to seek recovery of all fees and costs incurred in defending against this improper Petition.

## TWENTIETH AFFIRMATIVE DEFENSE
### (In Pari Delicto)

93. As a separate and twentieth affirmative defense to the Petition, and to the relief requested, Petitioners are equally responsible for the alleged harmful conduct, and such claims are barred by the doctrine of *in pari delicto*.

94. LeFever Mattson was at all times fully engaged and aware of each of the investments, acquisitions, property sales, 1031 exchanges, and other business transactions of LeFever Mattson and its investment entities.

95. Each investment interest was properly and adequately documented by agents of LeFever Mattson and maintained in the ordinary course of business by controlling officers and agents of LeFever Mattson.

96. LeFever Mattson obtained the monetary proceeds of each transaction through its

- 11 -

bank accounts in which all officers and directors of LeFever Mattson had access as well as signatory authority to make draws from the accounts.

97. Despite these facts, LeFever Mattson incited activities which have placed all assets and interests of LeFever Mattson and each of its related and affiliated investment entities' interests in jeopardy as a result of its own reckless conduct.

98. Mattson is entitled to seek recovery of all fees and costs incurred in defending against this improper Petition.

### TWENTY-FIRST AFFIRMATIVE DEFENSE
**(Judicial Estoppel)**

99. As a separate and twenty-first affirmative defense to the Petition, and to the relief requested, Petitioner's claims is barred by judicial estoppel.

100. LeFever Mattson has presented sworn, prior inconsistent statements made in judicial proceedings before this and other courts, and as such Petitioners are now estopped from maintaining statements and positions inconsistent with prior statements, which were not made inadvertently or because of mistake, fraud, or duress.

101. Mattson is entitled to seek recovery of all fees and costs incurred in defending against this improper Petition.

### TWENTY-SECOND AFFIRMATIVE DEFENSE
**(Laches)**

102. As a separate and twenty-second affirmative defense to the Petition, and to the relief requested, Petitioner unreasonably delayed in bringing its claims for relief sought by this Petition.

103. LeFever Mattson's delay is unreasonable and without excuse and such delay has resulted in prejudice and injury to Mattson.

104. Mattson is entitled to seek recovery of all fees and costs incurred in defending against this improper Petition.

/ / /

- 12 -

FENNEMORE WENDEL
ATTORNEYS AT LAW
OAKLAND

## **TWENTY-THIRD AFFIRMATIVE DEFENSE**

### **(Lack of Consideration)**

105.     As a separate and twenty-third affirmative defense to the Petition, and to the relief requested, LeFever Mattson's claim fails for lack of consideration.

106.     LeFever Mattson is not entitled to recover any sums from Mattson because there was no consideration given for any alleged agreement with LeFever Mattson which it seeks to enforce against Mattson under the Indemnity Agreement.

107.     Mattson is entitled to seek recovery of all fees and costs incurred in defending against this improper Petition.

## **TWENTY-FOURTH AFFIRMATIVE DEFENSE**
### **(Misrepresentation)**

108.     As a separate and twenty-fourth affirmative defense to the Petition, and to the relief requested, Mattson asserts misrepresentation by Petitioner.

109.     LeFever Mattson supplied Mattson with information relating to its claims and interests, and the nature and scope of the Indemnity Agreement.

110.     The information supplied by LeFever Mattson about its claims and interests as well as the scope and nature of the Indemnity Agreement is false and to the extent such information was justifiably relied on by Mattson, it has resulted in damages to Mattson.

111.     Mattson is entitled to seek recovery of all fees and costs incurred in defending against this improper Petition.

## **TWENTY-FIFTH AFFIRMATIVE DEFENSE**
### **(Petitioners Lack Standing, 11 U.S.C. § 303(b)(1))**

112.     As a separate and twenty-fifth affirmative defense to the Petition, and to the relief requested, each of the claims asserted by Petitioner lacks standing because each claim for relief is the subject of a bona fide dispute as to both liability and amount.

113.     Mattson disputes that it is liable to LeFever Mattson under the express terms of the Indemnity Agreement, as the Indemnity Agreement is void, voidable, or otherwise

- 13 -

unenforceable, as a matter of law.

114.      Mattson asserts that the amount of the claim by LeFever Mattson is subject to a bona fide dispute as the fees requested are disputed as to whether such fees were incurred in conformity with the express terms and limitations set forth in the Indemnity Agreement and further disputes that the amount of the fees requested pursuant to the Petition are reasonable.

115.      Mattson is entitled to seek recovery of all fees and costs incurred in defending against this improper Petition.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE
### (Promissory Estoppel)

116.      As a separate and twenty-sixth affirmative defense to the Petition, and to the relief requested, Mattson asserts Petitioner's claim is barred by the doctrine of promissory estoppel.

117.      Mattson reasonably and foreseeably relied upon the promises of LeFever Mattson to induce actions by Mattson to his detriment.

118.      In reliance of LeFever Mattson's promises, Mattson has sustained damages.

119.      Mattson is entitled to seek recovery of all fees and costs incurred in defending against this improper Petition.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

120.      As a separate and twenty-seventh affirmative defense to the Petition, and to the relief requested, Mattson is not liable to LeFever Mattson under the doctrine of unclean hands.

121.      LeFever Mattson and Mattson had a direct relationship.

122.      LeFever Mattson has engaged in misconduct, either directly or through its principals, fiduciaries and agents, including, but not limited to, Tim LeFever, Scott Smith, Hanson Bridget, and others, in securing the execution of the Indemnity Agreement.

123.      The actions of LeFever Mattson is in violation of conscience, good faith and equitable standards of conduct, and to enforce the terms of the Indemnity Agreement against Mattson would be inequitable as LeFever Mattson has not come to this Court with clean hands.

- 14 -

1      124.     Mattson is entitled to seek recovery of all fees and costs incurred in

2 defending against this improper Petition.

3 **TWENTY-EIGHTH AFFIRMATIVE DEFENSE**
**(Ratification)**

4

5      125.     As a separate and twenty-eighth affirmative defense to the Petition, and to

6 the relief requested, Petitioners have ratified Mattson's conduct with respect to their respective

7 claims asserted in the Petition.

8      126.     LeFever Mattson has ratified Mattson's actions in relation to the Indemnity

9 Agreement based upon its acts and conduct.

10      127.     Le Fever Mattson's ratification of Mattson's actions serves as a ratification

11 of those acts and thus invalidates Petitioners' claims.

12      128.     Mattson is entitled to seek recovery of all fees and costs incurred in

13 defending against this improper Petition.

14 **TWENTY-NINTH AFFIRMATIVE DEFENSE**
**(Reasonable Business Conduct)**

15

16      129.     As a separate and twenty-ninth affirmative defense to the Petition, and to the

17 relief requested, Mattson's actions were done in good faith, without malice, and pursuant to

18 Mattson's reasonable conduct, and were thus privileged.

19      130.     Mattson is entitled to seek recovery of all fees and costs incurred in

20 defending against this improper Petition.

21 **THIRTIETH AFFIRMATIVE DEFENSE**
**(Unconscionability)**

22

23      131.     As a separate and thirtieth affirmative defense to the Petition, and to the relief

24 requested, enforcement of the Indemnity Agreement is unconscionable.

25      132.     The Indemnity Agreement is an unconscionable contract, which is voidable

26 under the law.

27      133.     In the execution of the Indemnity Agreement, there was no meeting of the

28

FENNEMORE WENDEL
ATTORNEYS AT LAW
OAKLAND

minds as to the material terms; its provisions are contradictory to California law and policy; and it is, consequently, unreasonable and unfair to enforce the terms of the Indemnity Agreement.

134. Mattson is entitled to seek recovery of all fees and costs incurred in defending against this improper Petition.

## THIRTY-FIRST AFFIRMATIVE DEFENSE
### (Undue Influence)

135. As a separate and thirty-first affirmative defense to the Petition, and to the relief requested, the execution of the Indemnity Agreement is the product of undue influence.

136. A fiduciary relationship existed between LeFever Mattson and its agents and Mattson.

137. LeFever Mattson and other beneficiaries of the Indemnity Agreement, including Scott Smith, were beneficiaries of the Indemnity Agreement.

138. LeFever Mattson, through its agents, including Scott Smith, influenced the decision of Mattson to enter into the Indemnity Agreement due to coercion, pressure, and misstatements of facts.

139. As a result, the Indemnity Agreement was not entered into with a true voluntary consent to the agreement's terms, which was further exasperated by the reliance by Mattson on the fiduciary relationship with and duties owed to them by Scott Smith and his law firm Hanson Bridget, as well as inadequate disclosures being made to Mattson, including Mattson not being advised to seek independent legal advice as to the terms of the Indemnity Agreement before its execution.

140. As a result of those actions, the Indemnity Agreement void.

141. Mattson is entitled to seek recovery of all fees and costs incurred in defending against this improper Petition.

## THIRTY-SECOND AFFIRMATIVE DEFENSE
### (Unilateral Mistake)

142. As a separate and thirty-second affirmative defense to the Petition, and to

- 16 -

the relief requested, Petitioner's claims is based upon a unilateral mistake.

143.     LeFever Mattson knew the Indemnity Agreement was far broader than represented and used that knowledge and fact for the purpose of taking advantage of Mr. Mattson and through him, Mattson.

144.     Neither Mattson were excessively careless and the Indemnity Agreement would not have been signed by Mattson if he had known about the mistake, and as such, the Indemnity Agreement is subject to rescission.

145.     Mattson is entitled to seek recovery of all fees and costs incurred in defending against this improper Petition.

<u>**THIRTY-THIRD AFFIRMATIVE DEFENSE**</u>
**(Unjust Enrichment)**

146.     As a separate and thirty-third affirmative defense to the Petition, and to the relief requested, Petitioner has been unjustly enriched by means of Petitioner's conduct.

147.     Mattson has conferred a benefit to LeFever Mattson under the Indemnity Agreement.

148.     LeFever Mattson has no right or entitlement to the benefit which Mattson has conferred upon It under the Indemnity Agreement, and to allow LeFever Mattson to retain those benefits while asserting claims for the same is inequitable to Mattson.

149.     Mattson is entitled to seek recovery of all fees and costs incurred in defending against this improper Petition.

<u>**THIRTY-FOURTH AFFIRMATIVE DEFENSE**</u>
**(Waiver)**

150.     As a separate and thirty-fourth affirmative defense to the Petition, and to the relief requested, LeFever Mattson has affirmatively waived any right to the relief sought in the Petition.

151.     LeFever Mattson has voluntarily and intentionally relinquished any right to the relief sought through their conduct. Its conduct, both expressly and implicitly, demonstrates

- 17 -

FENNEMORE WENDEL
ATTORNEYS AT LAW
OAKLAND

1    that their claims are extinguished.

2        152.        Mattson is entitled to seek recovery of all fees and costs incurred in

3    defending against this improper Petition.

4        THEREFORE, Mattson prays that the petition be dismissed and that it have judgment

5    against the alleged creditors as Petitioners, LeFever Mattson and Windtree, for costs, reasonable

6    attorneys' fees, damages caused by the improvident filing, and punitive damages, all as provided

7    in 11 U.S.C.A. § 303(i).

8    Dated:        March 21, 2025                FENNEMORE WENDEL

9

10                                        By:*/s/ Mark Bostick*
                                            Mark Bostick
11                                          Thiele R. Dunaway
                                            James P. Hill
12                                          Christopher V. Hawkins
                                            Attorneys for KENNETH W.
13                                          MATTSON

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 18 -

FENNEMORE WENDEL
ATTORNEYS AT LAW
OAKLAND

# CERTIFICATE OF SERVICE

I, Jeanne Rose, declare:

I am a citizen of the United States and am employed in the County of Alameda. I am over the age of 18 years and not a party to the within-entitled action. My business address is 1111 Broadway, 24th Floor, Oakland, California, 94607-4036.

On the date set forth below I caused to be served the following document(s):

## KENNETH W. MATTSON'S ANSWER TO INVOLUNTARY PETITION

on each party listed below in the following manner:

☐ BY FIRST CLASS MAIL: by placing said document(s) in a sealed envelope with postage fully prepaid, in a United States mail box at Oakland, California, addressed as set forth below.

☐ BY PERSONAL SERVICE: by causing to be delivered by reputable messenger service said document(s) addressed as set forth below.

☐ BY ELECTRONIC MAIL: by transmitting via email said document(s) to the email address set forth below.

☒ (**ECF**): Pursuant to controlling General Orders and LBR, the foregoing document(s) will be served by the court via Notice of Electronic Filing ("NEF") and hyperlink to the document(s). On the date set forth below, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the list of parties to receive NEF transmission at the email addresses stated below:

Elizabeth J. Cabraser on behalf of Interested Party Federal Plaintiffs
ecabraser@lchb.com, awolf@lchb.com

Theodore A. Cohen on behalf of Creditor Socotra Capital, Inc.
TCohen@sheppardmullin.com, mtzeng@sheppardmullin.com

Christopher Crowell on behalf of Creditor Citizens Business Bank
ccrowell@hrhlaw.com

Jared A. Day on behalf of U.S. Trustee Office of the U.S. Trustee / SR
jared.a.day@usdoj.gov

Micheline Noel Nadeau Fairbank on behalf of Debtor Kenneth W. Mattson
mfairbank@fennemorelaw.com

Michael C. Fallon on behalf of Attorney Michael C Fallon
mcfallon@fallonlaw.net, manders@fallonlaw.net

FENNEMORE WENDEL
ATTORNEYS AT LAW
OAKLAND

John D. Fiero on behalf of Other Prof. Official Committee of Unsecured Creditors of LeFever Mattson
jfiero@pszjlaw.com, ocarpio@pszjlaw.com

Todd S. Garan on behalf of Creditor DEUTSCHE BANK TRUST COMPANY AMERICAS, as Trustee for Residential Accredit Loans, Inc., Mortgage Asset-Backed Pass-Through Certificates, Series 2007-QO3
ecfcanb@aldridgepite.com, TSG@ecf.inforuptcy.com

Debra I. Grassgreen on behalf of Other Prof. Official Committee of Unsecured Creditors of LeFever Mattson
dgrassgreen@pszjlaw.com, hphan@pszjlaw.com

Deanna K. Hazelton on behalf of U.S. Trustee Office of the U.S. Trustee / SR
deanna.k.hazelton@usdoj.gov

Lance N. Jurich on behalf of Creditor LAFM Loan Owner, LLC
ljurich@loeb.com, pmatsuda@loeb.com

Robert B. Kaplan on behalf of Creditor Umpqua Bank
rbk@jmbm.com

Thomas Philip Kelly, III on behalf of Interested Party Thomas Philip Kelly, III
tomkelly@sonic.net

Jeannie Kim on behalf of Creditor Socotra Capital, Inc.
jekim@sheppardmullin.com, dgatmen@sheppardmullin.com

Dara Levinson Silveira on behalf of Petitioning Creditor LeFever Mattson, a California corporation
dsilveira@kbkllp.com, hrobertsdonnelly@kbkllp.com

John McHugh on behalf of Debtor Kenneth W. Mattson
jmchugh@fennemorelaw.com

Thomas G. Mouzes on behalf of Creditor C.P. Grellas Partnership
tmouzes@boutinjones.com, cdomingo@boutinjones.com

Office of the U.S. Trustee / SR
USTPRegion17.SF.ECF@usdoj.gov

Jason Rosell on behalf of Other Prof. Official Committee of Unsecured Creditors of LeFever Mattson
jrosell@pszjlaw.com, mrenck@pszjlaw.com

Vadim J Rubinstein on behalf of Creditor LAFM Loan Owner, LLC
vrubinstein@loeb.com

Thomas B. Rupp on behalf of Petitioning Creditor LeFever Mattson, a California corporation
trupp@kbkllp.com

Phillip John Shine on behalf of U.S. Trustee Office of the U.S. Trustee / SR
phillip.shine@usdoj.gov

- 20 -

FENNEMORE WENDEL
ATTORNEYS AT LAW
OAKLAND

1

2   Wayne A. Silver on behalf of Creditor Denise Ebbett
    ws@waynesilverlaw.com, ws@waynesilverlaw.com

3   Brooke Elizabeth Wilson on behalf of Other Prof. Official Committee of
    Unsecured Creditors of LeFever Mattson
4   bwilson@pszjlaw.com

5        I declare under penalty of perjury that the foregoing is true and correct.

6        Executed on March 21, 2025, at Oakland, California.

7

8                                        _/s/ Jeanne Rose_____
                                         JEANNE ROSE
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                          - 21 -

FENNEMORE WENDEL
ATTORNEYS AT LAW
OAKLAND