Michael C. Fallon, SBN 088313
Michael C. Fallon, Jr., SBN 303082
100 E Street, Suite 219
Santa Rosa, California 95404
Telephone: (707) 546-6770
Facsimile: (707) 546-5775

*Attorneys for Jack Metallinos Trustee of the John and
Mary Metallinos Living Trust FBO Jackie Metallinos*

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SANTA ROSA DIVISION

| | |
|---|---|
| In re<br><br>LEFEVER MATTSON, a California corporation, et al.<br>　　　　　　Debtors.[1] | Case No. 24-10545 CN (Lead Case)<br><br>(Jointly Administered)<br><br>Chapter 11 |
| In re<br><br>KS MATTSON PARTNERS, LP,<br>　　　　　　Debtor. | **NOTICE OF STIPULATION TO MODIFY THE AUTOMATIC STAY OPPORTUNITY TO OBJECT** |

KS Mattson Partners, LP ("KSMP") and John and Mary Metallinos Living Trust ("Metallinos," together with KSMP, the "Parties" and each, a "Party"), by and through their counsel of record in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), in reference to and consideration of the following have entered a Stipulation to Modify the Automatic Stay:

1. In December 2020, Metallinos sold to KSMP the real property common described as 22 Boyes Blvd., Boyes Hot Springs, California 95416 (A.P. No. 056-402-001-000) (the "Property") at the sale price of $3,000,000 (the "2020 Sale Transaction").

2. As a term of the sale, Metallinos agreed to finance the sale by carrying back a promissory note in the face amount of $2,500,000, interest only, for fifteen (15) years, at a payment of $10,416.67 per month (the "Promissory Note"). The Promissory Note is secured by a

\\4158-8611-3380_v3

Long Form Deed of Trust and Assignment of Rents, dated as of December 17, 2020 (the "Deed of Trust").

3. Based on a broker opinion of value, the Property is valued in the range of $2,000,000 to $2,250,000.

4. As of December 29, 2025, property taxes in the amount of $130,268.26 were due and unpaid. In addition to the property taxes, the principal and accrued and unpaid interest owed to Metallinos under the Promissory Note is approximately $2,670,000 (Two Million Six Hundred Seventy Thousand Dollars) plus attorney's fees and costs.

5. KSMP is holding approximately $34,381.50 in cash collateral in a segregated account for the benefit of Metallinos (the "Metallinos Account"). The cash collateral derives from monthly rents received by KSMP after the entry of order for relief in KSMP's chapter 11 case.

6. The Parties agree that KSMP has no equity in the Property and that the Property is not necessary for the effective reorganization of KSMP.

7. In light of the foregoing, the Parties have agreed to modify the automatic stay set forth in 11 U.S.C. § 362(a), solely to the extent set forth herein.

NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT HEREBY IS STIPULATED AND AGREED, BY AND BETWEEN THE PARTIES, THROUGH THE UNDERSIGNED, AND THE PARTIES JOINTLY REQUEST THAT THE BANKRUPTCY COURT ORDER THAT:

1. This Stipulation shall be effective upon entry of an order of the Bankruptcy Court approving the same (the "Effective Date"). If the Bankruptcy Court does not approve this

Stipulation, it shall be null and void and have no force or effect and the Parties agree that, in such circumstances, this Stipulation shall be of no evidentiary value whatsoever in any proceedings.

2. Subject to the terms of this Stipulation, the automatic stay imposed by section 362(a) of the Bankruptcy Code is modified solely to permit Metallinos to exercise its rights and remedies under applicable non-bankruptcy law with respect to the Property, including conducting a foreclosure or trustee's sale.

3. The relief granted herein is limited to the Property and does not extend to any other property of the Debtor or the bankruptcy estate.

4. Nothing in this Order authorizes Metallinos to pursue any deficiency claim against KSMP or its bankruptcy estate, or to obtain any determination of personal liability.

5. This Stipulation is made without any finding or admission as to the validity, priority, or extent of any lien, whether KSMP has equity in the Property, the amount or allowance of any claim, or any defenses, claims, or causes of action that KSMP or the estate may hold.

6. Within seven (7) days after the Effective Date, KSMP shall turn over to Metallinos all cash collateral that is in the Metallinos Account on the Effective Date. Thereafter, until Metallinos completes foreclosure of its Deed of Trust against the Property, KSMP shall, within seven (7) days of receipt of any additional cash collateral, turn over such cash collateral to Metallinos. Until Metallinos completes foreclosure of its Deed of Trust, Metallinos shall not have the right to notify tenants that they should pay rental payments directly to Metallinos.

7. KSMP expressly reserves all rights, claims, defenses, and causes of action that it may have against Metallinos, including, without limitation, all avoidance actions, arising under any

applicable law.  Nothing in this Stipulation or the Order approving it shall be deemed a waiver of any rights of the Debtor or the estate, except as expressly set forth herein.

8. This Stipulation shall be binding on the Parties and each of their successors in interest.

9. The fourteen-day stay described by Bankruptcy Rule 4001(a)(3) is waived.

10. This Stipulation constitutes the entire agreement between the parties with respect to the subject matter hereof and shall supersede all prior agreements and understandings relating to the subject matter hereof. It may be modified only by a written agreement approved by the Bankruptcy Court.

11. This Stipulation may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same agreement.

12. The Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation or any Order approving the terms of this Stipulation.

## OPPORTUNITY FOR HEARING

Notice of the Stipulation is given pursuant to FRBP Rule 4001 and LBR Rule 4001-1. If you oppose the Stipulation, or if you want to be heard on the matter, you must, not later than 14 days from service of this notice file with the court your opposition and/or request for hearing and supporting documentation and serve on counsel for Metallianos. If an opposition is not filed, the court may grant the relief requested without further notice to you. If opposition is filed, the matter will be set for hearing on not less than 10 days notice to the party opposing the relief, the Office of the United States Trustee and such other parties as directed by the court.

Dated: January 13, 2026　　　　　　　　　/s/ Michael C. Fallon

　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　Michael C. Fallon

　　　　　　　　　　　　　　　　　　　　*Attorneys for Jack Metallinos Trustee of the John and Mary Metallinos Living Trust FBO Jackie Metallinos*

---

[1] The last four digits of LeFever Mattson's tax identification number are 7537. The last four digits of the tax identification number for KS Mattson Partners, LP ("KSMP") are 5060. KSMP's address for service is c/o Stapleton Group, 514 Via de la Valle, Solana Beach, CA 92075. The address for service on LeFever Mattson and all other Debtors is 6359 Auburn Blvd., Suite B, Citrus Heights, CA 95621. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://veritaglobal.net/LM.

- 5 -

\\4158-8611-3380_v3