Jennifer C. Hayes (197252)
FINESTONE HAYES LLP
456 Montgomery Street, Suite 1300
San Francisco, CA 94104
Tel.:    (415) 616-0466
Fax:    (415) 398-2820
Email: jhayes@fhlawllp.com

Attorneys for Janina M. Hoskins,
Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SANTA ROSA DIVISION

| | |
|---|---|
| In re | Case No. 24-10714-DM |
| KENNETH W. MATTSON, | Chapter 7 |
| Debtor. | **AMENDED NOTICE AND OPPORTUNITY FOR HEARING ON CHAPTER 7 TRUSTEE'S MOTION TO APPROVE STIPULATION WITH LFM PLAN RECOVERY TRUST CONCERNING SUBORDINATION OF CLAIMS** |
| | [No hearing unless requested] |

**TO KENNETH MATTSON, STACY MATTSON, THE BANKRUPTCY COURT, CREDITORS, THE OFFICE OF THE UNITED STATES TRUSTEE, AND PARTIES IN INTEREST:**

**PLEASE TAKE NOTICE** that Janina M. Hoskins (the "Trustee"), the Chapter 7 trustee of the bankruptcy estate of Kenneth W. Mattson (the "Debtor"), filed a motion (the "Motion") pursuant to 11 U.S.C. § 105(a), Federal Rule of Bankruptcy Procedure 9019(a), and B.L.R. 9014-1(b)(3) for entry of an order approving a stipulation (the "Stipulation") between the Trustee and Michael Goldberg in his capacity as Plan Recovery Trustee of the LFM Plan Recovery Trust (the "LFM Trustee") formed pursuant to the *Third Amended Chapter 11 Plan of Liquidation, as Modified* (the "LFM Plan") in the bankruptcy case of LeFever Mattson, Case No. 24-10545-DM.

The Stipulations subordinates the Proofs of Claim and Proof of Interest (as defined in the Motion) that were filed on behalf of Kenneth W. Mattson and/or Stacy Mattson (together, the "Mattsons") in the bankruptcy cases of LeFever Mattson and related debtors. The Proofs of Claim and Proof of Interest will be deemed Class 7 Equitably Subordinated Claims and a Class 8 Equitably Subordinated Interests, respectively. The Stipulation provides that the LFM Trustee shall not be required to reserve any funds for distributions on account of the Proof of Interest or Proofs of Claim. The Stipulation further provides that the LFM Plan Recovery Trust shall reimburse the Trustee for reasonable and documented professional fees related to obtaining approval of the

TRUSTEE'S AMENDED NOTICE OF MOTION TO APPROVE STIPULATION WITH LFM PLAN RECOVERY TRUST CONCERNING SUBORDINATION OF CLAIMS            1

Stipulation.

As set forth in the Motion, the Stipulation satisfies the factors set forth in *Martin v. Kane (In re A&C Properties)*, 784 F.2d 1377 (9th Cir. 1986), as follows:

1. <u>Probability of Success:</u> The Stipulation is warranted because any effort by the Mattson estate to defend the Mattsons' claims and interests against equitable subordination would face little realistic prospect of success given Mattson's alleged central role in the LFM Ponzi scheme and his criminal indictment.
2. <u>Difficulty of Collection:</u> This factor is neutral because the Stipulation concerns the relative priority and treatment of claims and interests, not the collectability of any judgment or recovery from a third party.
3. <u>Complexity, Expense, Inconvenience, and Delay:</u> The Stipulation avoids costly, complex, and lengthy litigation over the allowance, priority, and equitable subordination of the Mattsons' claims and interests in a large, multi-debtor Ponzi scheme bankruptcy case.
4. <u>Paramount Interest of Creditors:</u> The Stipulation serves the paramount interests of creditors by protecting LFM investor recoveries from dilution, preserving the resources of the Mattson estate, and resolving the priority dispute without unnecessary administrative expense.

Copies of the Motion and supporting papers are available via PACER or may be obtained by email request to Ryan A. Witthans at rwitthans@fhlawllp.com.

**PLEASE TAKE FURTHER NOTICE** that Local Rule 9014-1 of United States Bankruptcy Court for the Northern District of California prescribes the procedures to be followed with respect to any objection to the proposed compromise or any request for hearing thereon.

**Any objection to the requested relief, or a request for hearing on the matter, must be filed and served upon the initiating party within 21 days of mailing the notice;**

**Any objection or request for a hearing must be accompanied by any declarations or memoranda of law any requesting party wishes to present in support of its position;**

**If there is no timely objection to the requested relief or a request for hearing, the court may enter an order granting the relief by default.**

**In the event of a timely objection or request for hearing, the initiating party will give at least seven days written notice of the hearing to the objecting or requesting party, and to any trustee or committee appointed in the case.**

Dated June 9, 2026                                            FINESTONE HAYES LLP


                                                             /s/ Jennifer C. Hayes
                                                             Jennifer C. Hayes
                                                             Attorneys for Janina M. Hoskins,
                                                             Chapter 7 Trustee

TRUSTEE'S AMENDED NOTICE OF MOTION TO APPROVE STIPULATION WITH LFM PLAN RECOVERY TRUST CONCERNING SUBORDINATION OF CLAIMS                2