John D. Fiero (CA Bar No. 136557)
Jason H. Rosell (CA Bar No. 269126)
Gillian N. Brown (CA Bar No. 205132)
PACHULSKI STANG ZIEHL & JONES LLP
One Sansome Street, Suite 3430
San Francisco, California 94104-4436
Tel: 415-263-7000; Fax: 415-263-7010
Email: jfiero@pszjlaw.com
jrosell@pszjlaw.com
gbrown@pszjlaw.com

*Counsel to Michael Goldberg,*
*the Plan Recovery Trustee in Case No. 24-10545*

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SANTA ROSA DIVISION**

| | |
|---|---|
| In re<br><br>KENNETH MATTSON,<br><br>Debtor. | Case No. 24-10714-HLB<br><br>Chapter 7<br><br>***EX PARTE* APPLICATION OF THE PLAN RECOVERY TRUSTEE FOR ENTRY OF AN ORDER PURSUANT TO BANKRUPTCY RULE 2004 AUTHORIZING ORAL EXAMINATION OF AND PRODUCTION OF DOCUMENTS BY JENNIFER MCCARTHY AND MICHAEL MCCARTHY** |

Michael Goldberg, the Plan Recovery Trustee (the "PRT") under the confirmed plan of liquidation (the "Plan") in the chapter 11 bankruptcy case[1] (the "Chapter 11 Case") of the Consolidated Debtor (the "Consolidated Debtor")[2] pending before this Court files this *ex parte* application (the "Application") under Federal Rule of Bankruptcy Procedure 2004 ("Rule 2004") and Local Bankruptcy Rule 2004-1 ("Local Rule 2004-1") for entry of an order authorizing the

[1] The Chapter 11 Case of the Consolidated Debtor is before this Court at Case No. 24-10545-HLB.

[2] In the Chapter 11 Case, the Court entered the *Order Substantively Consolidating Consolidated Debtor and KSMP Investment Entities and Granting Related Relief* [Docket No. 3914] (the "Substantive Consolidation Order"), which substantively consolidated the estates of LeFever Mattson, a California corporation and its affiliated debtors (the "LFM Debtors"), KS Mattson Partners, LP ("KSMP" and, together with the LFM Debtors, the "Debtors") and three-KSMP affiliated entities (Perris Freeway Plaza, LP, Specialty Properties Partners, LP and Treehouse Investments, LP) (the "KSMP Investment Entities").

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

PRT's counsel to issue subpoenas to **Jennifer McCarthy and John McCarthy** in order to determine whether the McCarthys, or either of them, received improper transfers of assets from Mr. Mattson's bankruptcy estate to be used to pay bail on Mr. Mattson's behalf in the criminal case pending against him in this federal district. The docket in this case does not reflect any such Rule 2004 investigation by the chapter 7 trustee on this issue.

The PRT's proposed subpoenas will provide that Ms. McCarthy and Mr. McCarthy shall (a) complete their productions, by **September 18, 2026**, of documents responsive to the Requests for Production (the "Requests") set forth substantially in the form attached hereto as **Exhibit 1**, and (b) provide oral testimony (the "Oral Testimony"), on a mutually agreed date no later than **October 23**, **2026** (unless the PRT and each of the McCarthys agree to extend that date) relating to (i) their search for and possession, custody, or control of documents responsive to the Requests; and (ii) the subject matter of the Requests.

## I. PRELIMINARY STATEMENT

Mr. and Ms. McCarthy are a married couple whom the PRT understands to be Debtor Kenneth Mattson's brother-in-law and sister-in-law; Mr. Mattson's wife, Stacy, is understood to be Ms. McCarthy's sister. On May 13, 2025, the United States Department of Justice filed an indictment against Mr. Mattson in the United States District Court for the Northern District of California for wire fraud, money laundering, obstruction of justice, and forfeiture relating to the Ponzi scheme established in the Consolidated Debtor's Chapter 11 Case. *See* Case No. 4:25-cr-00126-JST (the "Mattson Criminal Case") at Doc. No. 1. Mr. Mattson was a founder, 50% shareholder, and Chief Executive Officer in LeFever Mattson, a California corporation, one of the entities now part of the Consolidated Debtor. Mr. Mattson fraudulent induced investors out of more than $130 million. These defrauded investors are among the general unsecured creditors in the Chapter 11 Case for whom the PRT seeks to recovery assets for distribution in the Chapter 11 Case.

Based on docket entries in the Mattson Criminal Case, the PRT is informed that on June 11, 2025, Ms. McCarthy paid $100,000 or more in cash bail to the District Court on Mr. Mattson's behalf, and two days later Mr. and Ms. McCarthy provided the District Court a deed of trust, believed to be in the amount of $4 million, to secure Mr. Mattson's bail. Given the close familial

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

relationship between Mr. and Ms. McCarthy, on the one hand, and Kenneth and Stacy Mattson, on the other hand, the PRT seeks to investigate whether Mr. Mattson's assets - assets of this bankruptcy estate - were used to fund that bail and, if so, avoid and recover such assets for the benefit of Mr. Mattson's creditors in the Chapter 11 Case. The chapter 7 trustee in Mr. Matton's above-captioned bankruptcy case appears ready to close this chapter 7 case without an investigation of whether estate assets were used to secure Mr. Mattson's bail.

## II. BACKGROUND

### A. Background of this Mattson Bankruptcy Case

On November 22, 2024, LFM, through its then-Chief Restructuring Officer, Bradley Sharp, filed an involuntary chapter 11 case against Mr. Mattson in the above-captioned case. *See* Doc. No. 1. An order for relief was granted in the chapter 11 case on November 5, 2025. *See* Doc. No. 127. On September 22, 2025, the Court entered an order converting Mr. Mattson's case to one under chapter 7. *See* Doc. No. 147. On September 24, 2025, the United States Trustee filed its notice of appointment of Janina M. Hoskins as chapter 7 trustee in this bankruptcy case. *See* Doc. No. 154. On August 10, 2026, counsel for Ms. Hoskins filed its *First and Final Application for Compensation and Expense Reimbursement (Finestone Hayes LLP). See* Doc. No. 269. A review of the docket in this bankruptcy case indicates that Ms. Hoskins has not taken formal discovery under Rule 2004 from the McCarthys regarding whether assets of this estate were fraudulently or preferentially transferred for the improper purpose of paying Mr. Mattson's bail.

### B. Background of the Consolidated Debtor's Chapter 11 Case

Over the course of two months in 2024,[3] 57 entities (the "LFM Debtors") filed voluntary petitions for relief in this Court under chapter 11 of the Bankruptcy Code. On November 22, 2024, Debtor KS Mattson Partners, LP ("KSMP") became subject to an involuntary petition for relief under chapter 11 of the Bankruptcy Code. Those cases are pending as the Chapter 11 Case under lead Case No. 24-10545-HLB. On March 6, 2026, the Court entered the *Substantive Consolidation Order*, which substantively consolidated the estates of the LFM Debtors, KSMP, and the three

[3] The LFM Debtors filed bankruptcy petitions on August 6, 2024; September 12, 2024; and October 2, 2024 (collectively, the "Petition Dates").

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

entities KSMP Investment Entities. On April 23, 2026, the Court entered its order [Docket No. 4225 in the Chapter 11 Case] (the "Confirmation Order") confirming the *Third Amended Chapter 11 Plan of Liquidation, as Modified* [Docket No. 4151 in the Chapter 11 Case] (the "Plan"). Paragraph 36 of the Confirmation Order provides that, upon the Effective Date of the Plan, the PRT "shall have the independent right and authority to conduct examinations pursuant to" Rule 2004.

The effective date of the Plan occurred on May 14, 2026 (the "Effective Date") [Docket No. 4335 in the Chapter 11 Case]. On the Effective Date, the PRT became the sole director and sole officer (Chief Executive Officer) of the Consolidated Debtor. *See id.*, at para. 5.2.1. Under the Plan, the PRT retained Pachulski Stang Ziehl & Jones LLP as his counsel (*see id.*, at para. 5.3.6), and has the power and authority to exercise the rights of the Consolidated Debtor to conduct examinations under Rule 2004 (*see id.*, at para. 5.5.1).

## III. JURISDICTION

This Court has subject matter jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are §§ 1103 and 1109(b) of the Bankruptcy Code, and Rule 2004.

## IV. RELIEF REQUESTED

The PRT respectfully requests that the Court enter an *ex parte* order authorizing the PRT's counsel to issue subpoenas requiring Mr. McCarthy and Ms. McCarthy to (a) complete their production, by **August 28, 2026**, of documents responsive to the Requests set forth substantially in the form attached hereto as **Exhibit 1**, and (b) provide Oral Testimony, on a mutually agreed date no later than **September 25, 2026** (unless the PRT and Mr. McCarthy and Ms. McCarthy agree to extend that date) relating to (i) Mr. McCarthy's and Ms. McCarthy's search for and possession, custody, or control of documents responsive to the Requests; and (ii) the subject matter of the Requests.

## IV. BASIS FOR RELIEF

Local Rule 2004-1 provides as follows: "The Clerk may issue on behalf of the Court, *ex parte* and without notice, orders granting applications for examination of an entity pursuant to

Bankruptcy Rule 2004(a)."[4] The PRT brings this Application *ex parte* pursuant to Local Rule 2004-1 seeking an order without need for a hearing. The PRT understands that Mr. McCarthy and Ms. McCarthy may reserve their right to interpose objections to the underlying document requests after the issuance of the subpoenas. However, objections to the underlying document requests are not grounds to oppose or delay the granting of this Application.

Rule 2004(a) provides that "[o]n motion of any party in interest, the court may order the examination of any entity."[5] Rule 2004 is primarily used for "revealing the nature and extent of the bankruptcy estate, and for discovering assets, examining transactions, and determining whether wrongdoing has occurred."[6]

Pursuant to Rule 2004(b), a party in interest may seek both document and oral discovery related to "acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge."[7] Under Rule 2004(c), the "attendance of an entity for examination and for the production of documents . . . may be compelled as provided in Rule 9016 for the attendance of a witness at a hearing or trial."[8] Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 9016 makes Rule 45 of the Federal Rules of Civil Procedure (governing subpoenas) applicable in cases under the Bankruptcy Code. Unlike discovery under the Federal Rules of Civil Procedure (the "Civil Rules"), discovery under Rule 2004 can be a "pre-litigation discovery device."[9] As such, a Rule 2004 motion

[4] L.B.R. 2004-1(a).

[5] Fed. R. Civ. P. 2004(a).

[6] *In re Kelton*, 389 B.R. 812, 820 (Bankr. S.D. Ga. 2008); *see also In re Lufkin*, 255 B.R. 204, 208 (Bankr. E.D. Tenn. 2000) (purpose of Rule 2004 is to "determine the condition, extent, and location of the debtor's estate in order to maximize distribution to unsecured creditors"); *In re Bennett Funding Grp., Inc.*, 203 B.R. 24, 28 (Bankr. N.D.N.Y. 1996) (purpose of Rule 2004 is to assist in "revealing the nature and extent of the estate, and to discover assets of the debtor which may have been intentionally or unintentionally concealed").

[7] Fed. R. Civ. P. 2004(b).

[8] Fed. R. Civ. P. 2004(c).

[9] *In re Wilson*, 413 B.R. 330, 336 (Bankr. E.D. La. 2009).

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

need not be tied to specific factual allegations at issue between parties.[10] Moreover, the scope of a Rule 2004 oral examination is broader than that of discovery under the Civil Rules or the Bankruptcy Rules governing adversary proceedings.[11] In fact, courts have recognized that Rule 2004 examinations may be "broad" and "unfettered," and can legitimately be in the nature of a "fishing expedition."[12]

Whether to allow the requested discovery rests within the sound discretion of the Court.[13] Bankruptcy courts may allow a Rule 2004 examination of "third parties who have had dealings with the debtor,"[14] "to allow inquiry into the debtor's acts, conduct or financial affairs so as to discover the existence or location of assets of the estate,"[15] "unearthing frauds,"[16] or to assist in recovering assets for the benefit of a debtor's creditors.[17]

In addition, section 105(a) of the Bankruptcy Code authorizes the Court to "issue any order . . . that is necessary or appropriate to carry out the provisions of this title."[18] The relief requested in this Application will not reduce or expand the substantive rights of any party to object

---

[10] *In re Symington*, 209 B.R. 678, 683 (Bankr. D. Md. 1997) (Bankruptcy Rule 2004 permits "examination of any party without the requirement of a pending adversary proceeding or contested matter").

[11] *In re Ecam Publ'ns, Inc.*, 131 B.R. 556, 559 (Bankr. S.D.N.Y. 1991); *see also In re Drexel Burnham Lambert Grp., Inc.*, 123 B.R. 702, 711 (Bankr. S.D.N.Y. 1991) ("[T]he scope of a Rule 2004 examination is very broad. Rule 2004 discovery is broader than discovery under the Federal Rules of Civil Procedure.").

[12] *In re Subpoena Duces Tecum & Ad Testificandum Pursuant to Fed. R. Bankr. P. 2004*, 461 B.R. 823, 829 (Bankr. C.D. Cal. 2011) (citation omitted); *see also In re Countrywide Home Loans, Inc.*, 384 B.R. 373, 400 (Bankr. W.D. Pa. 2008); *In re Bennett Funding Grp.*, 203 B.R. at 28 (purpose of Rule 2004 is to assist in "revealing the nature and extent of the estate, and to discover assets of the debtor which may have been intentionally or unintentionally concealed"); *In re Valley Forge Plaza Assocs*., 109 B.R. 669, 674 (Bankr. E.D. Pa. 1990).

[13] *See, e.g., In re Hammond*, 140 B.R. 197, 200 (S.D. Ohio 1992).

[14] *In re Fearn*, 96 B.R. 135, 138 (Bankr. S.D. Ohio 1989); *see also In re W&S Invs., Inc.*, No. 91-35830, 1993 U.S. App. LEXIS 2231, at *5-6 (9th Cir. Jan. 28, 1993) (unpublished disposition) (Rule 2004 is a "broadly construed discovery device which permits any party in interest in a bankruptcy proceeding to move for a court order to examine any entity…," the "scope of inquiry permitted under a Rule 2004 examination is generally very broad and can 'legitimately be in the nature of a 'fishing expedition.'") (citation omitted).

[15] *In re Dinubilo*, 177 B.R. 932, 940 (E.D. Cal. 1993).

[16] *Dynamic Fin. Corp. v. Kipperman (In re N. Plaza, LLC)*, 395 B.R. 113, 122 n.9 (S.D. Cal. 2008) (citations omitted).

[17] *See In re Vantage Petroleum Corp.*, 34 B.R. 650, 651 (Bankr. E.D.N.Y. 1983) (allowing discovery under Rule 2004 to help the debtor "discover and recover assets for benefit of creditors of the debtor").

[18] 11 U.S.C. § 105(a).



PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

to or modify the information requested by the PRT. Here, the requested relief is well within the scope of Rule 2004. The PRT seeks to maximize the amount of creditors' recoveries in the Chapter 11 Case. As such, the PRT needs the information from the McCarthys regarding whether assets of Mr. McCarthy's bankruptcy estate were fraudulently transferred or preferentially transferred to the McCarthys in order to provide bail for Mr. Mattson.

**V. NO PRIOR REQUEST**

No prior request for the relief sought in this Application has been made to this or any other Court.

**VI. NOTICE**

Local Rule 2004-1 provides that this Application can be brought "ex parte and without notice." L.B.R. 2004-1(a). Nevertheless, notice of this Application will be provided to (a) Jennifer McCarthy and Michael McCarthy; 3561 Caballo Alto Ct, Reno, NV 89502-5308 – via First-Class U.S. Mail; (b) Jennifer McCarthy; jennifer.capurro@prurealty.com – via email; (c) the Office of the United States Trustee – via ECF; and (d) all other ECF recipients – via ECF.

**VII. CONCLUSION**

For the reasons set forth above, the PRT respectfully requests that the Court grant this Application. A proposed order granting this Application is attached hereto as **Exhibit 3**.

Dated: August 25, 2026

PACHULSKI STANG ZIEHL & JONES LLP

By *_/s/ John D. Fiero_*
John D. Fiero
Attorneys for Michael Goldberg, Plan Recovery Trustee

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

**EXHIBIT 1**
**Requests for Production of Documents**

**DEFINITIONS**

1. "ALL" shall be construed as encompassing "EACH" and "ANY".

2. "ANY" "shall be construed as encompassing "EACH" and "ALL".

3. "BAIL PAYMENTS" means any cash, real property, deeds of trust, or interests in property that YOU paid, provided, or caused to be paid or provided, on behalf of Kenneth Mattson as a condition of his release from or avoidance of custody in the criminal case pending against him at Case No. 25-cr-00126 in the United States District Court for the Northern District of California.

4. "COMMUNICATION" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

5. "CONCERNING" means relating to, evidencing, supporting, negating, refuting, embodying, containing, memorializing, comprising, reflecting, analyzing, approving, authorizing, constituting, describing, identifying, referring to, referencing, discussing, indicating, connected with or otherwise pertaining in ANY way, in whole or in part, to the subject matter being referenced.

6. "DOCUMENT" is synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Federal Rule of Civil Procedure 34(a)(1)(A). A draft or non-identical copy is a separate DOCUMENT within the meaning of the word DOCUMENT. A DOCUMENT includes written COMMUNICATIONS.

7. "EACH" shall be construed as encompassing "ALL" and "ANY".

8. "INCLUDING" means "including, without limitation" and "including, but not limited to".

9. "PERSON" is any natural person, juridical person, or any legal ENTITY, INCLUDING, without limitation, any business, religious, or governmental entity or association.

10. "REQUESTS" means the Requests for Production set forth below.

11. "YOU" and "YOUR" means Jennifer McCarthy and Michael McCarthy, and ANY PERSON assisting either or both of them with the BAIL PAYMENTS.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

## INSTRUCTIONS

A. YOUR responses to the REQUESTS are subject to ALL applicable Federal Rules of Bankruptcy Procedure and this Court's Local Rules.

B. Please bates number EACH page of EACH DOCUMENT that YOU produce.

C. YOU are required to conduct a thorough investigation and produce ALL DOCUMENTS in YOUR possession, custody, and control.

D. In the REQUEST, the use of the singular form of ANY word includes the plural and vice versa. The words "and" and "or" shall both be conjunctive and disjunctive.

E. If YOU are unable to produce DOCUMENTS responsive to ANY REQUEST but DOCUMENTS responsive to the REQUEST exist, provide a written DOCUMENT containing the following information:

The date of the DOCUMENT;

The type of DOCUMENT (e.g., letter, memorandum, report, etc.);

The name, address, telephone number and title of the author(s) of the DOCUMENT;

The name, address, telephone number and work title of EACH recipient of the DOCUMENT;

The number of pages in the DOCUMENT:

The document control number, if ANY;

The present location(s) of the DOCUMENT and the name, address and telephone number of the person(s) who has/have possession of the DOCUMENT;

A specific description of the subject matter of the DOCUMENT;

The reason why YOU cannot produce the DOCUMENT.

F. YOU are under a continuing duty to amend YOUR written responses to the REQUESTS and to produce additional DOCUMENTS if the written responses or document production is incomplete or incorrect in ANY material respect, and if the additional or corrective information has not otherwise been made known to the PRT.

G. YOU are required to produce the full and complete originals (in native format, if electronic), or copies if the originals are unavailable, of EACH DOCUMENT responsive to

the REQUESTS along with ALL non-identical copies and drafts in their entirety. A copy may be produced in lieu of originals if the entirety (front and back where appropriate) of the DOCUMENT is reproduced and YOU state by declaration under penalty of perjury that the copy provided is a true, correct, complete, and accurate duplication of the original.

H. Produced DOCUMENTS must include ALL exhibits, attachments, and ANY other DOCUMENTS otherwise appended to another DOCUMENT.

I. For ELECTRONICALLY STORED INFORMATION ("ESI"):

Produce DOCUMENTS in accordance with the instructions at https://support.everlaw.com/hc/en-us/articles/360004962052-Standard-Format-for-Processed-Data

Produce ESI in its native format.

Maintain family integrity.

Perform custodian-level de-duplication.

Produce a DAT load file with the following metadata fields: Beginning Production Number, Ending Production Number, Beginning Attachment Number, End Attachment Number, Family ID, Page Count, Custodian, Original Location Path, Email Folder Path, Document Type, Doc Author, Doc Last Author, Comments, Categories, Revisions, File Name, File Size, MD5 Hash, Date Last Modified, Time Last Modified, Date Created, Time Created, Date Last Accessed, Time Last Accessed, Date Sent, Time Sent, Date Received, Time Received, To, From, CC, BCC, Email Subject, Path to Native, Path to Full Text, Original Time Zone.

Process ESI in Pacific Time Zone and provide a metadata field indicating original time zone.

J. If YOU withhold or redact a portion of ANY DOCUMENT under a claim of privilege or other protection, then the DOCUMENT must be identified on a privilege log, which shall be produced contemporaneously with the non-privileged DOCUMENTS responsive to this REQUEST, and which privilege log shall state the following information:

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

1. The date of the DOCUMENT;

2. The type of DOCUMENT (e.g., letter, memorandum, report, etc.);

3. The name, address, telephone number and title of the author(s) of the DOCUMENT;

4. The name, address, telephone number and work title of EACH recipient of the DOCUMENT;

5. The number of pages in the DOCUMENT;

6. The document control number, if ANY;

7. The present location(s) of the DOCUMENT and the name, address and telephone number of the person(s) who has/have possession, custody, or control of the DOCUMENT;

8. A general description of the subject matter of the DOCUMENT or the portion redacted without disclosing the asserted privileged or protected COMMUNICATION;

9. The specific privilege(s) or protection(s) that YOU contend applies.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

ALL DOCUMENTS CONCERNING the BAIL PAYMENTS, INCLUDING, but not limited to (a) DOCUMENTS that YOU provided to the United States District Court for the Northern District of California, (b) DOCUMENTS that the United States District Court for the Northern District of California provided to YOU, (c) DOCUMENTS that YOU or anyone assisting YOU with the BAIL PAYMENTS provided to Kenneth Mattson, Stacy Mattson, AND any of their family members and lawyers; (d) DOCUMENTS that Kenneth Mattson, Stacy Mattson, AND any of their family members and lawyers provided TO YOU or anyone assisting YOU with the BAIL PAYMENTS; (e) DOCUMENTS CONCERNING ALL efforts YOU made to procure the BAIL PAYMENTS.

**REQUEST FOR PRODUCTION NO. 2:**

ALL COMMUNICATIONS with ANY PERSON CONCERNING requests for YOU to make the BAIL PAYMENTS.

**REQUEST FOR PRODUCTION NO. 3:**

ALL COMMUNICATIONS with ANY PERSON CONCERNING instructions for YOU to make the BAIL PAYMENTS.

**REQUEST FOR PRODUCTION NO. 4:**

ALL DOCUMENTS CONCERNING the source of the BAIL PAYMENTS.

**REQUEST FOR PRODUCTION NO. 5:**

ALL DOCUMENTS CONCERNING any loans, gifts, or payments made on your behalf, over the amount of $10,000, that Kenneth Mattson or Stacy Mattson made to YOU from September 25, 2017 to the present.

**EXHIBIT 2**
**Declaration of Jason H. Rosell, Esq.**

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

John D. Fiero (CA Bar No. 136557)
Jason H. Rosell (CA Bar No. 269126)
Gillian N. Brown (CA Bar No. 205132)
PACHULSKI STANG ZIEHL & JONES LLP
One Sansome Street, Suite 3430
San Francisco, California 94104-4436
Telephone: 415-263-7000
Facsimile: 415-263-7010
Email: jfiero@pszjlaw.com
jrosell@pszjlaw.com
gbrown@pszjlaw.com

*Counsel to Michael Goldberg,*
*the Plan Recovery Trustee in Case No. 24-10545*



**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SANTA ROSA DIVISION**

| | |
|---|---|
| In re<br><br>KENNETH MATTSON,<br><br>Debtor. | Case No. 24-10714-HLB<br><br>Chapter 7<br><br>**DECLARATION OF JOHN D. FIERO IN SUPPORT OF THE *EX PARTE* APPLICATION OF THE PLAN RECOVERY TRUSTEE FOR ENTRY OF AN ORDER PURSUANT TO BANKRUPTCY RULE 2004 AUTHORIZING ORAL EXAMINATION OF AND PRODUCTION OF DOCUMENTS BY JENNIFER MCCARTHY AND MICHAEL MCCARTHY** |

I, John D. Fiero, declare under penalty of perjury as follows:

1. I am a partner at the law firm of Pachulski Stang Ziehl & Jones LLP ("PSZJ"). I am admitted to practice before this Court and am a member in good standing of the California bar.

2. I submit this Declaration in support of the *Ex Parte Application of the Plan Recovery Trustee for Entry of an Order Pursuant to Bankruptcy Rule 2004 Authorizing Oral Examination of and Production of Documents by Jennifer McCarthy and Michael McCarthy* (the "Application") to

which this Declaration is appended. I have personal knowledge of the facts set forth in this Declaration unless otherwise stated.

3. The effective date of the Plan of Liquidation in the Chapter 11 Case[1] on May 14, 2026 (the "Effective Date") [Docket No. 4335 in the Chapter 11 Case]. On the Effective Date, Michael Goldberg, the Plan Recovery Trustee under the Plan (the "PRT"), became the sole director and sole officer (Chief Executive Officer) of the Consolidated Debtor. *See id.*, at para. 5.2.1. Under the Plan, the PRT retained PSZJ as his counsel. *See id.*, at para. 5.3.6. The Plan provides that the PRT has the power and authority to exercise the rights of the Consolidated Debtor to conduct examinations under Rule 2004. *See id.*, at para. 5.5.1.

4. On May 14, 2026, PSZJ became counsel to the PRT. The PRT seeks to recover assets for the creditors in the Chapter 11 Case who have been found in the Chapter 11 Case to have been victimized by Debtor Kenneth Mattson's Ponzi scheme. The PRT and his professionals, including PSZJ, have taken over the investigation (the "Investigation") into various issues, including potential claims and causes of action that may be asserted against non-Debtors.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

Executed on August 25, 2026 at San Francisco, California.

By: /s/ *John D. Fiero*
John D. Fiero

[1] Terms not defined in this Declaration shall have the meaning provided to them in the Application.

**EXHIBIT 3**
**Proposed Form of Order Granting *Ex Parte* Application**

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

John D. Fiero (CA Bar No. 136557)
Jason H. Rosell (CA Bar No. 269126)
Gillian N. Brown (CA Bar No. 205132)
PACHULSKI STANG ZIEHL & JONES LLP
One Sansome Street, Suite 3430
San Francisco, California 94104-4436
Telephone: 415-263-7000
Facsimile: 415-263-7010
Email: jfiero@pszjlaw.com
jrosell@pszjlaw.com
gbrown@pszjlaw.com

*Counsel to Michael Goldberg,*
*the Plan Recovery Trustee in Case No. 24-10545*



**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SANTA ROSA DIVISION**

| | |
|---|---|
| In re<br><br>KENNETH MATTSON,<br><br>Debtor. | Case No. 24-10714-HLB<br><br>Chapter 7<br><br>**ORDER GRANTING THE *EX PARTE* APPLICATION OF THE PLAN RECOVERY TRUSTEE FOR ENTRY OF AN ORDER PURSUANT TO BANKRUPTCY RULE 2004 AUTHORIZING ORAL EXAMINATION OF AND PRODUCTION OF DOCUMENTS BY JENNIFER MCCARTHY AND MICHAEL MCCARTHY** |

Upon consideration of the *Ex Parte Application of the Plan Recovery Trustee for Entry of an Order Pursuant to Bankruptcy Rule 2004 Authorizing Oral Examination of and Production of Documents by Jennifer McCarthy and Michael McCarthy* (the "Application") [Doc. No. ], the record in this case, and for good and sufficient cause appearing,

IT IS HEREBY ORDERED AS FOLLOWS:

1. The Application is GRANTED.

2. Counsel for the Plan Recovery Trustee is authorized to issue subpoenas directed to **Jennifer McCarthy and Michael McCarthy** requiring them to (a) complete its production, by **September 18, 2026**, of documents responsive to the Requests for Production (the "Requests") set forth substantially in the form attached hereto as **Exhibit 1**, and (b) provide oral testimony (the "Oral Testimony"), on a mutually agreed date no later than **October 23, 2026** (unless the PRT and Mr. and Ms. McCarthy agree to extend that date) relating to (i) their search for and possession, custody, or control of documents responsive to the Requests; and (ii) the subject matter of the Requests.

****END OF ORDER****

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

John D. Fiero (CA Bar No. 136557)
Jason H. Rosell (CA Bar No. 269126)
Gillian N. Brown (CA Bar No. 205132)
PACHULSKI STANG ZIEHL & JONES LLP
One Sansome Street, Suite 3430
San Francisco, California 94104-4436
Telephone: 415-263-7000
Facsimile: 415-263-7010
Email: jfiero@pszjlaw.com
jrosell@pszjlaw.com
gbrown@pszjlaw.com

*Counsel to Michael Goldberg,*
*the Plan Recovery Trustee in Case No. 24-10545*

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SANTA ROSA DIVISION**

In re

KENNETH MATTSON,

Debtor.

Case No. 24-10714-HLB

Chapter 7

**CERTIFICATE OF SERVICE**

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

STATE OF CALIFORNIA )
)
CITY OF LOS ANGELES )

I, Maria R. Viramontes, am employed in the city and county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 10100 Santa Monica Blvd., Suite 1300, Los Angeles, California 90067.

On August 25, 2026, I caused to be served the following document in the manner stated below:

- ***EX PARTE APPLICATION OF THE PLAN RECOVERY TRUSTEE FOR ENTRY OF AN ORDER PURSUANT TO BANKRUPTCY RULE 2004 AUTHORIZING ORAL EXAMINATION OF AND PRODUCTION OF DOCUMENTS BY JENNIFER MCCARTHY AND MICHAEL MCCARTHY***

| | |
|---|---|
| ☒ | TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF): Pursuant to controlling General Orders and LBR, the foregoing document was served by the court via NEF and hyperlink to the document. On August 25, 2026, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below |
| ☒ | (BY MAIL) I am readily familiar with the firm's practice of collection and processing correspondence for mailing. On August 25, 2026, under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.<br><br>Jennifer McCarthy<br>3561 Caballo Alto Ct,<br>Reno, NV 89502<br><br>Michael McCarthy<br>3561 Caballo Alto Ct,<br>Reno, NV 89502 |
| ☒ | (BY EMAIL) I caused to be served the above-described document by email to the parties indicated on the below service list at the indicated email addresses.<br><br>jennifer.capurro@prurealty.com |

I declare under penalty of perjury, under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed on August 25, 2026 at Los Angeles, California.

*/s/ Maria R. Viramontes*
Maria R. Viramontes

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**

Gabrielle L. Albert on behalf of Creditor LeFever Mattson, a California corporation
galbert@kbkllp.com

Ruth Elin Auerbach on behalf of Debtor Kenneth W. Mattson
ruth.auerbach.esq@gmail.com

Elizabeth J. Cabraser on behalf of Interested Party Federal Plaintiffs
ecabraser@lchb.com, awolf@lchb.com

Theodore A. Cohen on behalf of Creditor Socotra Capital, Inc.
TCohen@sheppardmullin.com, mtzeng@sheppardmullin.com

Jay D. Crom
jcrom@bachcrom.com

Christopher Crowell on behalf of Creditor Citizens Business Bank
ccrowell@frandzel.com, rsantamaria@frandzel.com

Jared A. Day on behalf of U.S. Trustee Office of the U.S. Trustee / SR
jared.a.day@usdoj.gov

Michael C. Fallon on behalf of Attorney Michael C Fallon
mcfallon@fallonlaw.net, manders@fallonlaw.net

Reno Fernandez on behalf of Creditor Samuel Haley
reno@bindermalter.com, ecf@macfern.com

Gregg Martin Ficks on behalf of Creditor Timothy J. LeFever
gficks@coblentzlaw.com

John D. Fiero on behalf of Other Prof. Official Committee of Unsecured Creditors of LeFever Mattson
jfiero@pszjlaw.com, ocarpio@pszjlaw.com

Todd S. Garan on behalf of Creditor DEUTSCHE BANK TRUST COMPANY AMERICAS, as Trustee for Residential Accredit Loans, Inc., Mortgage Asset-Backed Pass-Through Certificates, Series 2007-QO3
ecfcanb@aldridgepite.com, TSG@ecf.inforuptcy.com

Thomas M. Geher on behalf of Creditor Columbia Bank
tgeher@jeffer.com, tmg@ecf.inforuptcy.com

Steven W Golden on behalf of Other Prof. Official Committee of Unsecured Creditors of LeFever Mattson
sgolden@pszjlaw.com

Michael J. Gomez on behalf of Creditor KeyBank National Association
mgomez@frandzel.com, autodocket@frandzel.com

Debra I. Grassgreen on behalf of Other Prof. Official Committee of Unsecured Creditors of LeFever Mattson
dgrassgreen@pszjlaw.com, hphan@pszjlaw.com

Jennifer C. Hayes on behalf of Trustee Janina M Hoskins
jhayes@fhlawllp.com

Deanna K. Hazelton on behalf of U.S. Trustee Office of the U.S. Trustee / SR

deanna.k.hazelton@usdoj.gov

Janina M Hoskins
jmelder7@aol.com, Ca80@ecfcbis.com

Lance N. Jurich on behalf of Creditor LAFM Loan Owner, LLC
ljurich@loeb.com, pmatsuda@loeb.com

Robert B. Kaplan on behalf of Creditor Umpqua Bank
rkaplan@jeffer.com

Thomas Philip Kelly, III on behalf of Interested Party Thomas Philip Kelly, III
tomkelly@sonic.net

Jeannie Kim on behalf of Creditor Socotra Capital, Inc.
jkim@go2.law, wggllp@ecf.courtdrive.com

Dara Levinson Silveira on behalf of Creditor LeFever Mattson, a California corporation
dsilveira@kbkllp.com, hrobertsdonnelly@kbkllp.com

Thomas G. Mouzes on behalf of Creditor C.P. Grellas Partnership
tmouzes@boutinjones.com, cdomingo@boutinjones.com

Office of the U.S. Trustee / SR
USTPRegion17.SF.ECF@usdoj.gov

Mark J. Romeo on behalf of Creditor Reprop Financial Mortgage Investors, LLC
romeolaw@msn.com

Jason Rosell on behalf of Other Prof. Official Committee of Unsecured Creditors of LeFever Mattson
jrosell@pszjlaw.com, mrenck@pszjlaw.com

Vadim J Rubinstein on behalf of Creditor LAFM Loan Owner, LLC
vrubinstein@loeb.com

Thomas B. Rupp on behalf of Creditor LeFever Mattson, a California corporation
trupp@kbkllp.com

Phillip John Shine on behalf of U.S. Trustee Office of the U.S. Trustee / SR
phillip.shine@usdoj.gov

Wayne A. Silver on behalf of Creditor Denise Ebbett
ws@waynesilverlaw.com, ws@waynesilverlaw.com

Christopher Thomas on behalf of Plaintiff Fidelity National Title Insurance Company
christopher.thomas@fnf.com

Gerrick Warrington on behalf of Creditor KeyBank National Association
gwarrington@frandzel.com, achase@frandzel.com

Craig A. Welin on behalf of Creditor KeyBank National Association
cwelin@frandzel.com, autodocket@frandzel.com

Brooke Elizabeth Wilson on behalf of Other Prof. Official Committee of Unsecured Creditors of LeFever Mattson
bwilson@pszjlaw.com

Ryan A. Witthans on behalf of Trustee Janina M Hoskins
rwitthans@fhlawllp.com

Richard L. Wynne on behalf of Creditor KS MATTSON PARTNERS, LP
richard.wynne@hoganlovells.com, tracy.southwell@hoganlovells.com

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA